United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIMBERLEY ROSS,

    Plaintiff,

  v.

GLOBAL WINE COMPANY and JOHN DAVIS,

    Defendants.
_____/

No. C 09-6107 CW

ORDER ON MOTIONS IN LIMINE

The Court rules on Plaintiff Kimberley Ross's and Defendant Global Wine Company's motions in limine as follows:

### Plaintiff's Motions in Limine

1. Exclude testimony about Plaintiff's prior employment discipline and criticism

   GRANTED, except that Global Wine may offer evidence of Plaintiff's use of the "f-word" while on the job.

2. Exclude Plaintiff's undated greeting card to Simon Littler

   GRANTED in part and DENIED in part.  Global Wine may offer only the fourth paragraph of the card, which concerns Plaintiff's panic attacks; the remainder of the card is excluded as irrelevant.

### Global Wine's Motions in Limine

1. Bifurcate trial for punitive damages and exclude any evidence of Global Wine's financial condition.

   DENIED.  Global Wine cites California Civil Code section 3295(d), asserting that bifurcation is mandatory.  However, section 3295(d), which mandates bifurcation, is contrary to Federal Rule of Civil Procedure 42(b), which grants federal courts discretion to bifurcate trials; thus, section 3295(d) is inoperative in federal court.  See Hamm v. Am. Home Prods. Corp., 888 F. Supp. 1037, 1038 (E.D. Cal. 1995).  Global Wine does not establish that, absent bifurcation, it will suffer unfair prejudice.  Accordingly, the Court declines to exercise its discretion to bifurcate this trial.

2.  Exclude any testimony, evidence or opinions related to the substance of Plaintiff's allegations of sexual harassment.

    DENIED.  Plaintiff may proffer evidence of the conduct of which she complained.

3.  Exclude expert opinions and testimony of Matt Wright

    GRANTED.  Wright's testimony will not assist the jury in determining a fact in issue.  Plaintiff can testify as to why it was necessary to have access to the back-end data, and Davis can rebut this testimony.  Further, Wright is not qualified to offer expert opinion.  Although he has worked six years in the "Quality Assurance profession," he does not explain how this experience qualifies him to opine on appropriate business practices.  Finally, Wright's expert report does not have indicia of reliability.  He does not indicate what in his experience led him to conclude that it was a poor business practice to deny Plaintiff access to back-end data.

IT IS SO ORDERED.

Dated: 5/4/2011

CLAUDIA WILKEN
United States District Judge